FILED
at_____O'clock &_____min_____M
FEB 1 8 2009
United States Bankruptcy Court
Columbia, South Carolina (25)

ENTERED
FEB 1 8 2009
KPD

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>James Douglas Loper,<br><br>Debtor(s). | C/A No. 08-03646-JW<br><br>Chapter 13<br><br>ORDER |

This matter comes before the Court upon William K. Stephenson Jr.'s ("Trustee") Motion to Convert or Dismiss Case ("Motion"). James Douglas Loper ("Debtor") filed a response to the Motion. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c), the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1.  On June 20, 2008, Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

2.  On July 7, 2008, Debtor filed his bankruptcy schedules and his statement of financial affairs, signed by Debtor under penalty of perjury pursuant to 28 U.S.C. § 1746 and Fed. R. Bankr. P. 1008.

3.  In his schedules and statement of financial affairs, Debtor failed to list ownership of property located at 140 Riverbend Drive in Aiken County, South Carolina ("Property") and failed to indicate the Property was transferred to his son pre-petition.

4.  With his schedules and statements, Debtor also filed his chapter 13 plan ("Plan"), which provided for a payment of $135.00 per month for 60 months. Debtor's Plan proposed to pay a 1% dividend payment to general unsecured creditors.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such; and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

1

5. On August 5, 2008, Ada Marie Yarbrough ("Yarbrough"), a creditor and former spouse of Debtor, filed an Objection to Confirmation of the Plan ("Objection").

6. On August 22, 2008, Yarbrough filed a Motion to Dismiss or Convert ("Yarbrough's Motion") Debtor's case based upon Debtor's pre-petition bad faith.[2]

7. Following Yarbrough's Objection and Motion, Debtor amended his Schedule F on August 11, 2008 to disclose a debt to Yarbrough in the amount of $74,378.44. The debt owed to Yarbrough is dischargeable in a chapter 13 case but is non-dischargeable in a case under chapter 7.[3]

8. At the initial confirmation hearing on August 28, 2008, Debtor was questioned under oath by the Trustee. Debtor denied owning the Property and denied transferring the Property within the two year period prior to the petition date. Debtor claimed that the Property was purchased and owned by a son with a similar name.

9. A continued hearing on Yarbrough's Motion and confirmation of Debtor's Plan was held on November 20, 2008. Evidence presented, including testimony by family members of Debtor indicating Debtor regularly expressed ownership and control of the Property, convinced the Court that Debtor owned the Property immediately prior to this bankruptcy case, transferred the Property to his son, and made a material omission in his schedules by failing to disclose the transfer of the Property. In response to the testimony, Debtor argued that he had disclosed other real property transfers which actually took place before the reach-back period and therefore had essentially revealed, although mistakenly, a value equal to that of the Property. The Court took under advisement the issue of whether Debtor's Plan should be confirmed.

---

[2] Yarbrough alleges that Debtor failed to appear for a Rule to Show Cause hearing in family court and filed this bankruptcy case 4 hours after he was ordered to serve a jail sentence for failure to pay the debt owed to Yarbrough.

[3] See Yarbrough v. Loper (In re Loper), C/A No. 08-03646-JW, Adv. Pro. No. 08-80186-JW (Bankr. D.S.C. Nov. 25, 2008).

10. On November 21, 2008, Debtor amended his Schedule J to show additional disposable income and amended his Plan, proposing to pay unsecured creditors a higher dividend ($23,940), but a dividend that is still less than 1% of the scheduled unsecured debt.

11. On November 25, 2008, the Court issued judgments denying confirmation of Debtor's Plan, based upon a lack of good faith in proposing the plan and Debtor's failure to disclose the prepetition transfer of the Property, and denying Yarbrough's Motion, which was based upon different allegations of debtor's pre-petition bad faith conduct.

12. The Trustee filed the Motion on November 25, 2008, seeking dismissal or conversion pursuant to 11 U.S.C. § 1307(c) for cause on grounds that the Court found that the Plan was not proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3) and denied confirmation of the Plan.

13. On November, 25, 2008, following the entry of the judgments and the filing of the Motion, Debtor filed a third amended chapter 13 plan, which proposes to pay a higher distribution to unsecured creditors ($34,920). The monthly payment required to make this distribution appears to exceed Debtor's available disposable income listed in his amended Schedule J.

14. On December 3, 2008, Debtor filed a response to the Motion, asserting that it is in his creditors' best interests to be paid through a chapter 13 plan, since it would provide a higher dividend than a chapter 7 liquidation, and that the Motion is barred by *res judicata* based upon the denial of Yarbrough's Motion.

15. Debtor has never amended his schedules or statement of financial affairs to disclose the transfer of the Property nor offered any credible explanation or excuse for the failure to disclose.

## CONCLUSIONS OF LAW

The doctrine of *res judicata* does not bar the Trustee's Motion. In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (finding *res judicata* is applicable when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding). Trustee and Yarbrough are not identical and are not in privity with one another. Further, the Motion stems from post-petition events affecting all creditors; whereas, Yarbrough's Motion was based upon Debtor's pre-petition conduct affecting her claim. Therefore, the Court cannot find that *res judicata* bars the Trustee's Motion. See id. at 1315-16 (discussing the elements of *res judicata*).

With regard to the merits of the Motion, the Trustee asserts that Debtor cannot file a confirmable plan because the Court has already determined that Debtor has demonstrated a lack of good faith by failing to disclose a material asset. Debtor argues that he can obtain confirmation of a chapter 13 plan, despite the Court's earlier ruling, because his honesty in representing facts is only one of the factors to be considered in determining whether an amended plan has been proposed in good faith under Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982) and that confirmation of the amended plan is in the best interest of creditors since the amended plan proposes to pay creditors more than what the creditors would receive in a chapter 7 case.

Section 1307(c) provides for dismissal or conversion, whichever is in the best interest of creditors, for cause on motion of the Trustee. Bad faith, which includes filing inaccurate or misleading schedules, is sufficient cause to dismiss or convert a chapter 13 case pursuant to 11

U.S.C. § 1307(c). See Marrama v. Citizens Bank of Mass., 549 U.S. 365, 372, 127 S.Ct. 1105 (2007); In re Hartley, 187 B.R. 506 (Bankr. D.S.C. 1995). In this case, Debtor failed to disclose an interest in the Property and the transfer of his interest in the Property, which occurred immediately before the petition, to his son, and failed to offer a satisfactory explanation. When questioned regarding this material omission at the confirmation hearing, Debtor provided inconsistent responses, which calls into doubt the veracity of his testimony at the various hearings held in this matter. As this Court found in the Simpson case:

> The Bankruptcy Code provides that Debtors' foremost responsibility is to cooperate with the Court and the Trustee and to facilitate the accurate and proper performance of their duties. Since bankruptcy schedules and statements are carefully designed to elicit certain information necessary for the proper administration of cases, Debtors' have a duty to complete these documents thoughtfully and thoroughly. Furthermore, accuracy, honesty, and full disclosure are critical to the functioning of bankruptcy and are inherent in the bargain for a debtor's discharge. Therefore, debtors are responsible for disclosing an accurate and complete schedule of assets with proper values and a truthful statement of affairs in order to convey a complete and accurate portrayal of their financial situation. Furthermore, there is no allowance for selectivity in asset disclosure.

In re Simpson, 306 B.R. 793, 797-98 (Bankr. D.S.C. 2003) (internal citations omitted).

The majority in the Marrama decision did not address whether subsequent disclosure and an improved chapter 13 plan can cure prior bad faith conduct, such as a failure to disclose a material asset. See Marrama, 549 U.S. at 381 (J. Alito *dissenting*) (noting that these issues were rendered academic by the majority's decision). Although 11 U.S.C. § 1307(c) does not specifically list a failure to disclose a material asset as grounds constituting cause, such a failure easily translates into other specified grounds including delay that is prejudicial to creditors. Courts frequently refer to the totality of the circumstances standard for reviewing good faith as set forth in Deans. See Deans, 692 F.2d at 972.

In <u>Deans</u>, the Court of Appeals set forth the following non-exhaustive list of factors that can be considered to determine whether a debtor has proposed a plan in good faith under 11 U.S.C. § 1325(a):

1. percentage of proposed repayment;

2. debtor's financial situation;

3. the period of time payments will be made;

4. debtor's employment history and prospects;

5. nature and amount of unsecured claims;

6. debtor's past bankruptcy filings;

7. debtor's honesty in representing facts; and

8. any unusual or exceptional problems facing the particular debtor.

See <u>Deans</u>, 692 F.2d at 972.

In <u>Neufield v. Freeman</u>, 794 F.2d 149 (4th Cir. 1986), the Court of Appeals added as a relevant factor the debtor's pre-petition conduct. Nothing in the Reform Act appears to alter this method of analysis. See <u>In re Edmunds</u>, 350 B.R. 636, 648-49 (Bankr. D.S.C. 2006).

Examining all of the enumerated factors and the totality of the circumstances in this case, there appears to be cause to dismiss or convert the case. As argued by the Trustee in meeting his burden of proof in the Motion, Debtor's failure to honestly represent the status of his assets and transfers weighs heavy in this analysis. See <u>In re Phillips</u>, C/A No. 02-10461-JW, slip op. at 4 (Bankr. D.S.C. Feb. 21, 2004); <u>Simpson</u>, 306 B.R. at 797-98.

Furthermore, notwithstanding Debtor's efforts to increase the distribution to unsecured creditors and confirm an amended plan, Debtor's amended plan is not feasible under his sworn schedules and Debtor has offered no evidence that he can confirm a plan in this case. Debtor's failure to credibly explain his failure to disclose a material asset did not meet his burden of proof in response to the evidence weighing against him. Therefore, it appears cause exists for the dismissal or conversion of this case.

Under the facts of this case, the Court finds that dismissal of this case is in the best interest of creditors. Debtor has few non-exempt assets and collection proceedings were pending in state court prior to the Debtor filing this case. Debtor's debt to Yarbrough is non-dischargeable in a case under chapter 7 and conversion would further delay her collection efforts and attempt to obtain Debtor's compliance with a state court order.[4] Further, the cost of liquidating Debtor's remaining assets, including commissions that would be owed a chapter 7 trustee, outweighs any benefit creditors would receive if this case remains before this Court as one under chapter 7.

Based upon the foregoing, the Trustee's Motion is granted and this case is dismissed pursuant to 11 U.S.C. § 1307(c).

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
February 18, 2009

---

[4] Debtor also indicated an intent to return to family court to seek a reduction of the obligation to Yarbrough.